UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYLAND DEE KIRKLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 20-2945 (UNA) |
| ) | |
| ) | |
| WILLIAM BARR *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Petitioner, appearing *pro se*, has filed a Petition for Writ of Mandamus and an application to proceed *in forma pauperis*. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. Mandamus actions are reserved for "extraordinary situations." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal quotation marks omitted). Mandamus relief is warranted where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotation marks omitted). The "word 'duty' in § 1361 must be narrowly defined, and [the] legal grounds supporting the government's duty to [petitioner] must 'be clear and compelling.' " *In re Cheney*, 406 F.3d at 729 (citations omitted). The petitioner bears the burden of showing that his right to the writ is "clear and indisputable." *Id*. Even if the

1

requirements for mandamus are present, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Hawsawi*, 955 F.3d 152, 156 (D.C. Cir. 2020) (internal quotation marks and citation omitted).

Petitioner resides in Fairfield Bay, Arkansas. He brings this action "to expose and end a conspiracy against rights pursuant to 18 U.S.C. § 241" of him and his "kinfolk" by "Kansas judges and other state officials and agencies[.]" Pet., ECF No. 1 at 1. Reading the prolix petition liberally, the only discernible claim seeks to involve the federal government, through named respondent U.S. Attorney General William Barr, in paternity proceedings in Kansas courts. *See id*. at 15-32 (requested relief). But the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and such decisions generally are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995). It is settled, moreover, that "courts do not have authority under the mandamus statute to order any government official to perform a discretionary duty." *Swan v. Clinton*, 100 F.3d 973, 977 (D.C. Cir. 1996). Consequently, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate order accompanies this Memorandum Opinion.

_____/s/_____
KETANJI BROWN JACKSON
United States District Judge

Date: November 16, 2020